COURT OF APPEALS
DECISION
DATED AND FILED

November 25, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP850**

STATE OF WISCONSIN

Cir. Ct. No. **2019CV781**

IN COURT OF APPEALS
DISTRICT II

CITY OF NEW BERLIN,

   PLAINTIFF-RESPONDENT,

V.

ERIC JOHN DREHER,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Waukesha County: PAUL BUGENHAGEN, JR., Judge. *Affirmed*.

¶1    DAVIS, J.[1]    Eric John Dreher appeals a guilty finding, after a trial to the court, on the charge of operating while intoxicated (OWI), first offense.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version.

Dreher does not challenge any of the findings or conclusions concerning his conviction; rather, he contends that the arresting officer lacked reasonable suspicion for the traffic stop and that the trial court erred in denying a suppression motion on that basis. We find that reasonable suspicion was amply demonstrated on this record and accordingly affirm.

¶2 The facts are not complicated. At the suppression hearing, the arresting officer, Thomas Johannik of the New Berlin Police Department, was the only witness to testify. According to Johannik, in the early morning hours of January 28, 2018, he saw a white sedan traveling on city streets at what appeared to be "a high rate of speed." Johannik saw the vehicle make a wide, and what he believed to be illegal, right-hand turn by cutting across three lanes.

¶3 Johannik began following the sedan. He briefly looked down at his speedometer and saw that he was traveling seventy miles per hour but still was "not … really closing the gap" between the two vehicles. As Johannik continued to follow the sedan, he saw it swerve into the adjacent lane and back again; he also saw it make a left turn by "splitting" the left-hand turn lane with the adjacent lane. Johannik testified, "The driving was so poor," that he "believed most likely the driver was impaired." He further testified that "it was some of the worst driving that [he] had observed in over 250 drunk driv[ing] arrests." Johannik initiated a stop and observed obvious signs of impairment in Dreher, the driver. Dreher failed initial field sobriety tests and was arrested for OWI.

¶4 The trial court denied Dreher's suppression motion. It accepted as true Johannik's unchallenged version of the facts: that Dreher improperly cut across lanes while turning, deviated from his lane, and drove over the speed limit. The court held that such driving created two bases for reasonable suspicion,

because Johannik reasonably believed both that Dreher was driving under the influence and that Dreher committed several traffic violations.

¶5 Dreher challenges this finding on appeal, arguing that Johannik lacked reasonable suspicion for the stop. An officer may conduct a traffic stop where, under the totality of the circumstances, he or she has reasonable suspicion that a crime or traffic violation has been, is being, or is about to be committed. *See **State v. Young***, 2006 WI 98, ¶20, 294 Wis. 2d 1, 717 N.W.2d 729; ***State v. Popke***, 2009 WI 37, ¶23, 317 Wis. 2d 118, 765 N.W.2d 569. "Reasonable suspicion requires that a police officer possess specific and articulable facts that warrant a reasonable belief that criminal activity is afoot." ***Young***, 294 Wis. 2d 1, ¶21. On review, we uphold the trial court's findings of fact unless clearly erroneous, but we review de novo whether these facts meet the "reasonable suspicion" standard. ***Id.***, ¶17.

¶6 Dreher's argument appears to be based on the notion that there was insufficient evidence to cite him for violating several traffic laws; for example, he argues that Johannik, who did not use radar or a lidar scanner, could not have reliably estimated his speed. Even if this were true, the argument misses the mark in light of the fact that Dreher's challenge is to the denial of a suppression motion. All that was required to *initiate* this stop was reasonable suspicion of a crime or traffic violation—that is, Johannik had to have a particularized basis for suspecting criminal activity beyond a "mere hunch." *See **id.***, ¶21. The trial court found that Dreher made a number of maneuvers that reasonably indicated that he was impaired; the record supports this conclusion. We need not decide whether Johannik, having actually seen the speeding, lane deviation, and improper turning, had sufficient basis to *cite* Dreher for these traffic violations; we need not even decide whether these violations, alone or taken together, created reasonable

3

suspicion that Dreher violated any traffic laws. It is sufficient that Johannik articulated how the sedan was driving poorly and why, based on his training as an officer, this poor driving led him to reasonably believe that the driver was impaired. There is nothing in the record to indicate that the facts related by Johannik were incorrect, and there is nothing to refute Johannik's assertion that such driving provided reasonable evidence of the driver's impairment. We therefore affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.